# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FIDEL VASQUEZ-VELASQUEZ,<br><br>Defendant. | Case No. 1:16-cr-00093-LJO-SKO<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING FORFEITURE OF BOND AND DIRECTING PRETRIAL SERVICES TO SERVE THIS FINDINGS AND RECOMMENDATIONS ON THE SURETIES<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

**I.**

**PROCEDURAL BACKGROUND**

On June 17, 2016, Defendant Fidel Vasquez-Velasquez (hereafter Defendant) made an initial appearance on a criminal complaint charging him with conspiracy to transfer, possess, and sell false identification documents; transfer or attempted transfer of false identification documents; fraud and misuse of visas and related documents; and possession of document making implements. (ECF No. 1, 8.) Also charged in the complaint were Angela Moreno, Maria Victoria Perez Vasquez, Francisco Javier Hidalgo-Flores, Lizet Amairani Ramirez-Zazueta, and Veronica Rosales-Capitaine. (ECF No. 1.)

Defendant pled not guilty, was remanded into custody, and a detention hearing was set

1 for June 22, 2016, before the undersigned. (ECF No. 8.) The detention hearing was continued to
2 June 23, 2016 at Defendant's request. (ECF No. 44.) On June 23, 2016, a detention hearing was
3 held; and Plaintiff was ordered released pursuant to an order setting conditions of release which
4 included an appearance bond secured by sureties Elia G. Banuelos and Liliana Moreno
5 Velazquez. (ECF Nos. 45, 48, 49.) As a condition of release, Defendant was restricted to his
6 residence every day from 7:00 p.m. to 7:00 a.m. (ECF Nos. 48, 49.)

7 On June 24, 2016, Defendant Fidel Vasquez-Velasquez was released to the custody of
8 Elia G. Banuelos. (ECF No. 53.) July 15, 2016, was the last time Elia G. Banuelos saw
9 Defendant before she left the country on a pre-planned vacation leaving the defendant
10 unsupervised. On July 21, 2016, Defendant did not return to his residence and attempts to
11 contact Ms. Banuelos were unsuccessful. (ECF No. 53.) On July 22, 2016, a pretrial release
12 violation petition was filed; and an arrest warrant issued for Fidel Vasquez-Velasquez as he has
13 not returned to the residence as required by the conditions of his pretrial release. (Id.) When
14 Ms. Banuelos returned from her vacation on July 22, 2016, she discovered that the defendant had
15 left taking all his clothing with him.

16 On August 16, 2016 a bond forfeiture hearing was set for August 19, 2016, and the
17 sureties, Elia G. Banuelos and Liliana Moreno Velazquez were ordered to appear. (ECF No. 63.)
18 Elia G. Banuelos and Liliana Moreno Velazquez appeared for the August 19, 2016 hearing.
19 (ECF No. 66.) During the August 19, 2016 hearing, upon questioning by the Court, Liliana
20 Moreno Velazquez stated that she did not have the funds to pay the $2000.00 surety. She offered
21 to put up the title to her vehicle, however it had already been put up as surety for another
22 defendant in this action. Elia G. Banuleos stated that she would pay the entire $4,000.00 surety.
23 On this same date, $2,000.00 surety was paid by Elia G. Banuelos and $2,000.00 surety was paid
24 by Elia G. Banuelos on behalf of Liliana Moreno Velazquez.

## II.

## LEGAL STANDARD

27 Rule 46 of the Federal Rules of Criminal Procedure provides that "[t]he court must
28 declare the bail forfeited if a condition of the bond is breached." Fed. R. Crim. P. 46(f)(1).

"Therefore, forfeiture is mandatory." U.S. v. Nguyen, 279 F.3d 1112, 115 (9th Cir. 2002); U.S. v. Abernathy, 757 F.2d 1012, 1015 (9th Cir. 1985). While the purpose of Rule 46 is to ensure the appearance of the defendant, forfeiture is appropriate where the defendant has willfully violated any of the conditions of his pretrial release. United States v. Vaccaro, 51 F.3d 189, 193 (9th Cir. 1995). The bond here notified the sureties that "the court may immediately order the amount of the bond surrendered to the United States, including the security for the bond, if the defendant does not comply with the agreement." (ECF No. 48 at 1.)

The Ninth Circuit has enumerated four factors for the district court to consider in deciding whether to enforce a forfeiture: "1. the bailee's willfulness in breaching release conditions; 2. the surety's participation in apprehending the bailee []; 3. the cost, inconvenience, and prejudice suffered by the government as a result of the bailee's breach; and 4. mitigating factors or explanations offered by the bailee." Abernathy, 757 F.2d at 1015. "[N]ot all of these factors need be resolved in the government's favor for the district court to enforce full forfeiture." Id. "The court may set aside in whole or in part a bail forfeiture upon any condition the court may impose if: (A) the surety later surrenders into custody the person released on the surety's appearance bond; or (B) it appears that justice does not require bail forfeiture." Fed. R. Crim. P. 46(f)(2).

### III.

### DISCUSSION

"A bail bond is a contract between the government and the defendant and his surety." United States v. Plechner, 577 F.2d 596, 598 (9th Cir. 1978) (quoting United States v. Gonware, 415 F.2d 82 (9th Cir. 1969)). "The language of the bond contract is strictly construed in accordance with the terms contained therein." Vacarro, 51 F.3d at 193 (quoting United States v. Lujan, 589 F.2d 436, 438 (9th Cir.1978), cert. denied, 442 U.S. 919 (1979). Therefore, in order for forfeiture to be appropriate, there must be notice of the condition imposed. Vacarro, 51 F.3d at 193. "Upon forfeiture, the surety becomes the government's debtor." Plechner, 577 F.2d at 598 (quoting Western Surety Co. v. United States, 51 F.2d 470 (9th Cir. 1931)). While the purpose of a bail bond is to insure that the defendant will appear at a given time, forfeiture of the

1 bond is appropriate for violations of other conditions of release.  Vaccaro, 51 F.3d at 192.

2       In this instance, Defendant was clearly informed of the conditions of his release.  As 3 relevant here, Defendant was ordered to report on a regular basis to Pretrial Services; reside at 4 the location approved by his pretrial services officer and not be absent from the residence for 5 more than 24 hours without the approval of his pretrial services officer his travel was restricted 6 to the Eastern District of California; and he was to participate in the location monitoring program 7 component with includes having a location monitoring unit installed at his residence and a radio 8 frequency device attached to his person.  (ECF No. 49.)  Defendant was advised that his bond 9 would be forfeited if he failed to appear or failed to abide by any of his conditions of release.  10 (Id.)

11       On August 19, 2016, the Court held a bond forfeiture hearing at which the third party 12 custodian/surety appeared.  The third party custody stated that she left the country for a 13 preplanned vacation without informing pretrial services leaving Defendant unsupervised.  While 14 she was out of the country, Defendant absconded from his residence on July 21, 2016, and his 15 third party custodian stated that his whereabouts are unknown at this time.  Defendant has 16 violated his conditions of release and forfeiture of the bond is required by Rule 46.  The Court 17 recommends that Defendant's bond be forfeited.

18       Accordingly, IT IS HEREBY RECOMMENDED that:

19       1.      Defendant Fidel Vasquez-Velasquez' $4,000.00 bond be forfeited for his failure 20             to comply with his conditions of pretrial release; and

21       2.      Pretrial Services is directed to serve a copy of this order on Elia G. Banuelos and 22             Liliana Moreno Velazquez.

23       These findings and recommendations are submitted to the district judge assigned to this 24 action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen 25 (14) days of service of this recommendation, any party may file written objections to these 26 findings and recommendations with the Court and serve a copy on all parties.  Such a document 27 should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The 28 district judge will review the magistrate judge's findings and recommendations pursuant to 28

U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 24, 2016**

UNITED STATES MAGISTRATE JUDGE