# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FIDEL VASQUEZ-VELASQUEZ,<br><br>Defendant. | Case No.  1:16-cr-00093-LJO-SKO<br><br>ORDER ADDRESSING THIRD PARTY CUSTODIAN ELIA G. BANUELOS |

On June 24, 2016, Defendant Fidel Vasquez-Velasquez was ordered released pursuant to an order setting conditions of release which included an appearance bond secured by sureties Elia G. Banuelos and Liliana Moreno Velazquez. (ECF Nos. 48, 49.)  As a condition of release, Defendant was restricted to his residence every day from 7:00 p.m. to 7:00 a.m. (ECF No. 53.) On July 21, 2016, Defendant did not return to his residence and attempts to contact Ms. Banuelos were unsuccessful. (ECF No. 53.)  On July 22, 2016, a pretrial release violation petition was filed; and an arrest warrant issued for Fidel Vasquez-Velasquez as he has not returned to the residence as required by the conditions of his pretrial release. (Id.)

On August 19, 2016, the sureties were ordered to appear to pay the surety due to the defendant's violation of his pretrial conditions of release.  During the hearing, it was discovered that Elia G. Banuelos, who had also agreed to be the defendant's third party custodian, left the country on a vacation without informing Pretrial Services thereby leaving the defendant

unsupervised.  July 15, 2016, was the last time Elia G. Banuelos saw Defendant before she left the country on a pre-planned vacation leaving the defendant unsupervised.  When Ms. Banuelos returned from her vacation on July 22, 2016, she discovered that the defendant had left taking all his clothing with him.

At the June 23, 2016 detention hearing, the Court considered the defendant's request for release into the custody of Ms. Banuelos.  Ms. Banuelos signed the order setting conditions of release in which she agreed to "(a) supervise the defendant in accordance with all conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears."  (ECF No. 49.)  Further, during the June 23, 2016 hearing, the Court addressed with Ms. Banuelos her duties as a third party custodian and she stated that she understood her responsibilities and agreed to undertake the responsibility of being defendant's third party custodian.  During sentencing, while the Court went over the defendant's conditions of release, Ms. Banuelos asked questions to clarify specific conditions.  The Court has no question that Ms. Banuelos' understood the obligations she was agreeing to by acting as a third party custodian and that she understood the defendant's conditions of release.  At no time prior to agreeing to act as a third party custodian or before leaving the country did Ms. Banuelos inform the Court or Pretrial Services that she had a preplanned vacation and would be out of the country leaving the defendant unsupervised.

Despite her agreement to act as third party custodian and her understanding that defendant was only being released from custody on her agreement to fulfill her duties as a third party custodian, Ms. Banuelos left the country on vacation leaving the defendant unsupervised.  Ms. Banuelos did not inform Pretrial Services that she was leaving the defendant unsupervised so they could address the issue to ensure that the defendant was properly supervised.  The defendant subsequently absconded.  While any issues regarding criminal contempt would be dealt with by the United States Attorney's Office, the Court finds that Ms. Banuelos conduct was irresponsible at best and breached her duties as a third party custodian.  Should Ms. Banuelos be considered for a third party custodian in any case in the future, Ms. Banuelos cannot be trusted to

fulfill any such duties.    In light of her conduct in this case, Ms. Banuelos should not be trusted supervise persons within her care for her personal interests were more important than her fiduciary duties.

This matter is HEREBY ORDERED CLOSED.  Pretrial Services is DIRECTED to serve a copy of this order on Ms. Banuelos at her current address.

IT IS SO ORDERED.

Dated:   **August 24, 2016**

UNITED STATES MAGISTRATE JUDGE